UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

United States of America

     v.

Crim. No. 18-cr-574-JL
Opinion No. 2020 DNH 032P

Abel Nazario-Quiñones

## MEMORANDUM ORDER

The former mayor of the municipality of Yauco, Puerto Rico, stands charged with making false statements to the United States Department of Labor and with wire fraud under §§ 1001 and 1343, respectively, of the U.S. Criminal Code. The defendant, Abel Nazario-Quiñones, has moved in limine to preclude the introduction of evidence purportedly showing that he withheld regular wages from certain municipal employees immediately before paying them a lump-sum owed to them under a settlement agreement between Yauco and the U.S. Department of Labor. Nazario-Quiñones contends this evidence has no relevance to the charges he faces and may unduly prejudice him. The prosecution argues that this evidence is directly relevant to the overall scheme alleged in the indictment and is necessary to explain why Nazario-Quiñones's statements to the Department of Labor, promising no retaliation, were false.

After considering the parties' written and oral submissions,[1] the court finds that the evidence is relevant under Federal Rules of Evidence 401, 402, and 404, and that its probative value is not substantially outweighed by the danger of any unfair prejudice or jury confusion, see Fed. R. Evid. 403. The motion in limine is therefore denied. This ruling is made without prejudice (see infra Part IV).

---

[1] On February 25, 2020, the court held a final pretrial conference by telephone, during which the parties further argued their positions.

## I.     The indictment

The charges against Nazario-Quiñones stem from a routine audit conducted by the Puerto Rico Office of the Comptroller after Nazario-Quiñones, as Mayor of Yauco, signed a Back Wage Compliance Payment Agreement with the U.S. Department of Labor. In that agreement, Yauco agreed to pay back wages to municipal employees for hours they were required to work on a "volunteer" basis.[2]  Nazario-Quiñones then directed the municipality to pay each affected employee a lump sum according to a predetermined payment schedule.

After each payment, Nazario-Quiñones signed a Form WH-58 (titled "Receipt for Payment of Back Wages") certifying "that he completed the payment detailed in the form to the employee there identified and further certified that he ha[d] not [retaliated] and w[ould] not retaliate against the employee for accepting the payment."[3]  In 2016, the Department of Labor learned that, "although employees had been receiving lump-sum payments according to the terms of the agreement," the municipality allegedly had "withh[eld] the employees' regular wages without the knowledge or consent" of the Department.[4]  The Department ultimately identified 30 municipal employees whose regular wages were allegedly withheld.[5]

A grand jury returned an indictment charging Nazario-Quiñones with two types of violations of federal law.  In Counts 1-30, the indictment alleges that Nazario-Quiñones

---

[2] Superseding indictment (doc. no. 58) ¶ 6.

[3] Id. ¶¶ 7-9.

[4] Id. ¶ 10.

[5] Id. ¶ 11.

made false statements to the Department of Labor, in violation of 18 U.S.C. § 1001(a)(3), by falsely certifying in WH-58 forms that he "did not and would not take any retaliatory action[s]."[6] And in Counts 31-37, the indictment charges that Nazario-Quiñones participated in a scheme to defraud by means of wire communications, in violation of 18 U.S.C. § 1343, by filing certain WH-58 forms and withholding employees' regular wages after the Department of Labor settlement agreement.

## II.    **Applicable Legal Standard**

"Relevant evidence is admissible" unless the U.S. Constitution, a federal statute, or some rule of law provides otherwise. Fed. R. Evid. 402. Under Federal Rule of Evidence 401, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 404(b), evidence of a crime, wrong, or other act may be admissible for "proving motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

Evidence that generally is admissible under the Federal Rules must also satisfy the test set by Rule 403. Under Rule 403, the trial judge "may exclude relevant evidence," including Rule 404(b) evidence, if it finds that the "probative value is substantially outweighed by a danger" of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "In balancing the scales of Rule 403, it is important to note that only 'unfair' prejudice is to be avoided, as 'by design, all evidence is meant to be prejudicial.'" United

---

[6] Id. at 4-6 (setting forth one count for each allegedly false WH-58 form).

3

States v. Morales-Aldahondo, 524 F.3d 115, 119–20 (1st Cir. 2008) (quoting United States v. Varoudakis, 233 F.3d 113, 122 (1st Cir. 2000)).

## III.    Analysis

Nazario-Quiñones objects to the prosecution introducing evidence purportedly showing that the municipality (purportedly at Nazario-Quiñones's direction as mayor) withheld wages from five of the thirty employees identified in the indictment both prior to and after the municipality paid the employees the lump-sums owed to them under the Department of Labor settlement agreement.  In the defendant's view, the indictment solely concerns prospective (post-settlement-payment) withholdings of employees' regular wages.  As such, he contends that evidence of anticipatory withholdings—that is, withholdings predating the lump-sum payments required by the Department of Labor settlement agreement—"would invite improper speculation about the reasons for those nonpayments" and would force him to defend against allegations that have no relevance to charges he faces.[7]  He is incorrect.

### A.    Relevance under Rules 401 and 402

First, the evidence at issue is generally relevant to each count in the indictment. See Fed. R. Evid. 401.  For Counts 1-30, charging false statements under § 1001(a)(3), the indictment specifically alleges that Nazario-Quiñones made an unlawful false statement to the Department of Labor "by falsely certifying in the WH-58 forms" that he "did not and would not take any retaliatory action against" each recompensated

---

[7] Nazario-Quiñones Mot. in Limine (doc. no. 143) at 5.

employee.[8]  This allegation makes retaliation predating the WH-58 forms relevant to the prosecution's case.  See Fed. R. Evid. 401, 402.  Additionally, the indictment alleges that Nazario-Quiñones made these false statements (again, for Counts 1-30) between February 2015 and the end of 2016,[9] thus encompassing the wage withholdings the defendant seeks to exclude here.

For Counts 31-37, the wire fraud charges, the indictment similarly alleges that Nazario-Quiñones withheld wages as part of a scheme to defraud by means of false and fraudulent representations, which may certainly predate his certifications to the Department of Labor in the WH-58 forms.  "Schemes to defraud are often, by their nature, complex.  The accomplishment of a scheme's fraudulent goal and the simultaneous evasion of detection by its victims or the authorities often necessitate multi-faceted patterns of criminal activity that may harm different groups of victims at different times."  United States v. Prieto, 812 F.3d 6, 12 (1st Cir. 2016); see also United States v. Mastelotto, 717 F.2d 1238, 1245 (9th Cir. 1983) (recognizing that "the scope of a scheme to defraud is ultimately restricted . . . only by the ingenuity of its participants," and concluding that all allegedly fraudulent transactions could be part of single scheme to defraud), overruled on other grounds by United States v. Miller, 471 U.S. 130 (1985).

The scheme alleged in this indictment is no different.  Here again, although the indictment identifies a handful of allegedly unlawful wire communications from May and June 2015 and 2016, it clearly charges that the time period for the scheme to defraud was broader in scope, beginning "on or about February 1, 2015," before Nazario-Quiñones

---

[8] Superseding indictment at 4 (emphasis added).  The difficulties inherent in proving at trial the falsehood of a promise regarding future action or present intentions about future action are issues not addressed by either party and thus not addressed by the court here.

[9] Superseding indictment at 4.

even signed the Department of Labor settlement agreement, and ending "on or about December 31, 2016," well after the last identified instance of alleged wire fraud. Despite Nazario-Quiñones's argument to the contrary, paragraph 11 of the indictment does not limit the prosecution's case theory to post-payment conduct.[10] The fact that the Department of Labor determined that the municipality withheld certain employees' regular wages "<u>after</u> receiving the wages to which they were entitled" does not preclude an allegation in a grand jury indictment that differs in length, scope, or manner and means of commission.[11] Nor does it limit the evidence admissible to prove at trial the charges plainly alleged in the indictment. Stated as simply as possible, under the facts and circumstances of this wire fraud case, the dates of the seven identified offending communications do not temporally limit the evidence admissible to prove the overarching scheme or artifice alleged.

**B.**    **Relevance under Rule 404(b)**

Second, wage withholdings predating the Department of Labor settlement payments and certified WH-58 forms also constitute admissible evidence of an intent to defraud and a plan under Rule 404(b). As the prosecution asserts in its objection, Nazario-Quiñones allegedly withheld paychecks of five employees <u>both</u> <u>prior</u> <u>to</u> and <u>after</u> those employees received their back-wage settlement payments.[12] The prosecution represents that one of the reimbursed employees in particular will testify about a note Nazario-Quiñones gave him listing the pay periods for which the employee would not

---

[10] Superseding indictment ¶ 11 (merely alleging the Department of Labor's findings from the Office of the Inspector General's investigation).

[11] Superseding indictment ¶ 11 (emphasis added).

[12] <u>See</u> USA Obj. to Mot. in Limine (doc. no. 149) at 2.

receive a paycheck—including periods that immediately predate and postdate the lump-sum settlement payment(s) to that employee for back pay he was owed.[13]

The note and the circumstances surrounding its origin support the prosecution's theory that Nazario-Quiñones allegedly knew (or put differently, had the culpable intent, see Fed. R. Evid. 404(b)) that he would fail to honor his promise not to retaliate even at the time he certified to the Department of Labor that he "did not and would not take any retaliatory action against" employees who accepted the settlement payment.[14] More specifically, this evidence shows that Nazario-Quiñones had formulated an intent to withhold regular (non-back-pay) wages prior to making the lump-sum, back-pay settlement reimbursements, and had operated in accordance with a preformulated plan, throughout the events alleged in the indictment. See Fed. R. Evid. 404(b). As such, the note and any other evidence of wage withholdings predating the settlement payments are relevant and probative. Further, they are admissible so long as such evidence is not unduly prejudicial (see infra Part III.C). See Fed. R. Evid. 404(b) (allowing "prior act" evidence to prove "intent" and "plan").

## C.    Rule 403 balancing

Finally, the probative value of evidence showing withholdings predating the Department of Labor settlement payments is not, as argued by Nazario-Quiñones, "substantially outweighed" by a danger of unfair prejudice or jury confusion. See Fed. R. Evid. 403. As discussed above, alleged retaliation by Nazario-Quiñones is directly at issue in this case. Evidence of that retaliation, whether it occurred before or after the required payment, is therefore highly probative. See id.

---

[13] Id. at 4-5.

[14] Superseding indictment at 4.

Such evidence also imposes little to no counterweighing prejudice.  As the defendant concedes,[15] unfair prejudice "is reserved for 'evidence that invites the jury to render a verdict on an improper emotional basis' or for evidence that is 'shocking or heinous' and 'likely to inflame the jury.'"  United States v. Soto, 799 F.3d 68, 90 (1st Cir. 2015) (internal citations omitted).  This case, however, centers on the alleged withholding of wages earned by municipal employees.  And out of the thirty employees identified in the indictment, only five incurred withheld wages before they received their back-pay settlement reimbursements.  Since the jury will hear evidence of withholdings from all 30 employees, the idea that special prejudice attaches to a small subgroup of withholdings for a handful of employees has little to no persuasive force.

Further, as demonstrated by defense counsel at oral argument, other circumstances may explain the withheld wages, regardless of whether they were withheld before or after Nazario-Quiñones certified each WH-58 form.  For example, Nazario-Quiñones has argued that withholdings of any kind, if proven beyond a reasonable doubt, can be explained by factors other than criminal conduct, such as difficult fiscal allocation decisions he was required to make.  Considering these factors, the danger of unfair prejudice or jury confusion is minimal if it exists at all.

IV.     **Conclusion**

The prosecution has adequately shown that the evidence Nazario-Quiñones seeks to exclude is relevant and more probative than prejudicial.  Nazario-Quiñones's motion in limine[16] is therefore denied.  This ruling is without prejudice to revisiting particular issues in response to circumstances that might arise during trial.  Furthermore, these

---

[15] Nazario-Quiñones Mot. in Limine at 2.

[16] Doc. no. 143.

rulings are based on the grounds argued in the parties' filings and raised at the final pretrial conference.  The court reserves the right to assess other factors at trial, such as hearsay, authenticity, and best evidence, see Fed. R. Evid. 800 et seq., 900 et seq., and 1000 et seq., and, where appropriate, arguments and grounds not previously raised by counsel.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:      March 5, 2020

cc:          Scott H. Anderson, AUSA
             Myriam Y. Fernandez-Gonzalez, AUSA
             Maria Dominguez-Victoriano, Esq.
             Javier Micheo-Marcial, Esq.
             Edgar R. Vega-Pabon, Esq.